UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT M. TWEED, JR.

   Plaintiff,          Case No. 1:08-cv-98

  vs.               Barrett, J.
                 Black, M.J.
HAMILTON COUNTY JUSTICE
CENTER, *et al.*,

   Defendants.

**REPORT AND RECOMMENDATION[1] THAT DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT (Docs. 21, 33) BE GRANTED; ALL OTHER PENDING MOTIONS BE DENIED AS MOOT; AND THIS CASE BE CLOSED**

Plaintiff is an inmate who brings this action pursuant to 42 U.S.C. § 1983. This matter is before the Court on defendants' motions for summary judgment (Docs. 21 & 33) and the parties' responsive memoranda.

**I.**

On February 27, 2008, Plaintiff filed a complaint against the Ohio Department of Rehabilitation and Correction (ODRC), Terry Collins, the Director of Rehabilitation & Corrections (DRC), Virginia Lamneck, the Warden of Correctional Reception Center (CRC), the Hamilton County Justice Center, and Sheriff Simon L. Leis, alleging deliberate medical indifference to a pre-existing heart condition. (Doc. 4).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

In his complaint, Plaintiff alleges the Defendants were negligent because they failed to provide previously prescribed medications for his pre-existing heart condition. As a result of not receiving his medication, Plaintiff alleges that he blacked out while waiting for a blood test at CRC and had to be admitted at OSU. Plaintiff therefore alleges that Defendants violated his rights under the Eighth Amendment.

Plaintiff's complaint, as it pertains to the Hamilton County Justice Center and Sheriff Simon L. Leis (the "County Defendants"), is that his assignment to the general population of the Queensgate Facility required him to walk up and down steps to go to the location where meals were served. He alleges that this assignment on October 2, 2007 led to a heart attack while having a stress test performed at University Hospital.

## II.

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). All reasonable inferences are drawn in favor of the non-movant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

Moreover, while the pleadings of *pro se* litigants are liberally construed, the fact that a plaintiff is "proceeding pro se does not otherwise relieve [him] from the usual requirements of summary judgment." *Bussey v. Phillips*, 419 F. Supp.2d 569 (S.D.N.Y. 2006) (quoting *Fitzpatrick v. N.Y. Cornell Hosp.*, 2002 U.S. Dist. LEXIS 25166, No. 00

Civ. 8594, 2003 WL 102853, at *5 (S.D.N.Y. Jan. 9, 2003)).

### III.

    A.    *Defendants ODRC, Terry Collins, and Virginia Lumneck are entitled to judgment as a matter of law (Doc. 21)*

Defendants filed a motion to dismiss based upon Plaintiff's failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA) on April 14, 2008. (Doc. 10). In response to Defendants' motion, Plaintiff filed a memorandum *contra* and attached a copy of his Informal Complaint Resolution and the DRC Inmate Grievance Procedures. Plaintiff contends that he is not required to exhaust his administrative remedies because prior to filing suit he filed an Informal Complaint in which he raised two issues: (1) failure to provide medication prescribed by a heart specialist; and (2) 8th amendment violations.

Plaintiff also contends that both of these issues were resolved at the informal level. Consequently, Plaintiff argues that he is excused from being required to exhaust his remedies, and, as a result, is entitled to summary judgment on the issue of deliberate medical indifference.

According to Defendants however, even if Plaintiff exhausted his administrative remedies as required by the PLRA, he is not entitled to summary judgment on his claim for deliberate medical indifference because he has failed to state a cognizable claim under the Eighth Amendment.

Defendants further asserts that Plaintiff's claims are moot inasmuch as he has

admitted that his complaints were resolved at the first level of the grievance process when he filed an informal complaint resolution. (*See* Informal Complaint Resolution attached as part of Exhibit A).

Accordingly, Defendants maintain that Plaintiff has failed to state a claim under the Eighth Amendment, and, viewing all of the evidence in a light most favorable to Plaintiff, Defendants are entitled to entry of summary judgment as a matter of law. The undersigned agrees.[2]

>    i.  *Plaintiff Has to Failed to State an Eighth Amendment Claim Under 42 U.S.C. § 1983 Because He Failed To Allege Any Personal Involvement of Defendants As Required By 42 U.S.C. § 1983.*

To state a cognizable claim under the Eighth Amendment concerning medical care of prisoners, an inmate must allege acts or omissions sufficiently harmful to evidence deliberate medical indifference to serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 829 (1994). When inquiring into deliberate indifference, a court must ask both: (1) if the official acted with a sufficiently culpable mind; and (2) whether the alleged wrongdoing was objectively harmful enough to constitute a constitutional violation. *Id.* To have a sufficiently culpable mind, the official must both "be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference. *Id.* at 837-38. The Sixth Circuit has stated that "knowledge of

---

[2] Defendants' motion to dismiss remains pending. However, in light of the attachments submitted by plaintiff in opposition to Defendants' motion to dismiss, the undersigned will address the merits of plaintiff's complaint in the determination of defendants' motion for summary judgment.

the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference." *Horn v. Madison County Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994).

Furthermore, to establish liability under 42 U.S.C. §1983, a plaintiff must plead and prove that the defendant is personally responsible for the unconstitutional actions that injured him. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 694 (1978). Even *respondeat superior* is not a basis for liability under §1983. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976). In *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) *cert. denied* 469 U.S. 845 (1984), the Sixth Circuit stated the following concerning supervisory officials and their liability under §1983:

> In *Hays v. Jefferson County*, 668 F.2d 869 (6th Cir. 1982), we held that the §1983 liability of supervisory personnel must be based on more than the right to control employees. Section 1983 liability will not be imposed solely upon the basis of respondeat superior. There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a §1983 plaintiff must show that a supervisory official at least implicitly acquiesced in the unconstitutional conduct of the offending subordinate. *Hays*, 668 F.2d at 872-74.

Thus, there must be direct participation by the Defendant(s) in the Plaintiff's alleged constitutional deprivations.

Here, Plaintiff's Eighth Amendment claim for deliberate medical indifference is not cognizable under 42 U.S.C. § 1983 because he failed to allege any specific involvement on the part of any Defendant. *See Searcy v. City of Dayton*. In particular, Plaintiff has failed to allege that any named Defendant had any personal involvement in

the allegations set forth in his complaint, and a *respondeat superior* relationship is insufficient to establish personal involvement. Defendant Lumneck is the warden for CRC and Defendant Collins is the Director of the Ohio Department of Rehabilitation & Corrections (ODRC). Neither of these Defendants are involved in the assessment, evaluation, or treatment of inmates. (Doc. 21, Ex. 2 Affidavit of Robin Cooper Muntz, the health care administrator for CRC). As a result, Plaintiff cannot show that Defendants had any personal involvement in the acts giving rise to his Eighth Amendment claim.

Accordingly, the undersigned finds that there is no genuine issue of material fact for trial, and Defendants are entitled to Summary Judgment as a matter of law.[3]

        ii.    *Defendants are entitled to qualified immunity*

The defense of qualified immunity completely protects government officials performing discretionary functions from Section 1983 actions when sued in their individual capacities unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 817 (1982).

---

[3] Additionally, Plaintiff has not alleged that any action or inaction on the part of these Defendants was the proximate cause of any injury. *See Horn v. Madison County Fiscal Court*, 22 F.3d 653, 659 (6th Cir. 1994) (citing Doe v. Sullivan County, 956 F.2d 545, 550 (6th Cir. 1992)) (The Sixth Circuit has held that "proximate causation is an essential element of a §1983 claim for damages.")

"Qualified immunity is 'an entitlement not to stand trial or face the other burdens of litigation.'" *Mitchell v. Forsyth*, 472, U.S. 511, 526 (1985)). The privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell*, 472 U.S. at 526. As a result, the Court must resolve qualified immunity questions at the earliest possible stage in litigation. *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)).

At all times relevant to the allegations in Plaintiff's complaint, Defendants were ODRC employees exercising their discretionary functions as prison officials. Qualified immunity extends to individuals performing discretionary functions unless their actions violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* A right is "clearly established if [a] reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

Here, Defendants are entitled to qualified immunity because Plaintiff has not shown either a constitutional violation nor that Defendants' actions were "objectively unreasonable" in light of clearly established law. *See Dickerson v. McClellan*, 101 F.3d 1151, 1157-1158 (6th Cir. 1996); *see also McCloud v. Testa*, 97 F.3d 1536, 1542 (6th Cir. 1996) (finding that the burden of disproving qualified immunity rests with the plaintiff).

B. *The County Defendants are entitled to judgment as a matter of law* (Doc. 33)

The policy of the Hamilton County Sheriff is to have a medical evaluation of each inmate upon admission to custody so that the appropriate housing assignment can be made. The Hamilton County Sheriff had a contract with Correctional Medical Services, Inc. ("CMS"), which was the medical provider for the Corrections Division of the Office of the Hamilton County Sheriff in 2007. Here, a CMS nurse cleared Plaintiff for housing in the general population of the Queensgate Correctional Facility on October 2, 2007.

    i.    *The County Defendants are entitled to judgment as matter of law because plaintiff failed to exhaust his administrative remedies.*

Simon L. Leis, the Hamilton County Sheriff, has established a grievance procedure for his jail facilities, including the Queensgate Correctional Facility. Plaintiff, however, did not file any grievances while in the Queensgate Correctional Facility or while in the custody of the Hamilton County Sheriff.

As noted above, Plaintiff alleges that his assignment to the general population of the Queensgate Facility required him to walk up and down steps to go to the location where meals were served. He alleges that this assignment on October 2, 2007 led to a heart attack while having a stress test performed at University Hospital. Plaintiff did not file a grievance notifying staff members that he was unhappy with his housing assignment.

Plaintiff, however, maintains that he voiced his grievances to staff members and told the nurses and doctors at Queensgate that the steps were hard on him. Plaintiff further states that he asked the doctor about giving him an elevator pass. Since Plaintiff

claims to have voiced his grievances to staff, nurses, and doctors, he argues that he did exhaust his administrative remedies sufficient to advance a cause of action under the PLRA. Plaintiff's argument is misplaced.

An informal verbal grievance is only the first step of the administrative procedure set forth in the Hamilton County Sheriff's Office Policy and Procedures, Corrections Division. (Doc. 33, Ex. A.) If Plaintiff Tweed did in fact make such a verbal grievance and did not receive a satisfactory response, he should have filed a "Standard Grievance" and subsequently an "Appeal." Plaintiff Tweed did not file any further grievances. (*See* Affidavit of Jeffery Eiser, p.2)

Here, Plaintiff underwent a medical evaluation and was placed on the 8th floor at Queensgate on October 2, 2007. It is from this placement decision of the CMS medical staff that Plaintiff's grievance arose. According to the Hamilton County Sheriff's Office's Policy and Procedures, Plaintiff had 15 days from the administrative decision to file a standard grievance. (*See* County Defendants Exhibit A) Plaintiff was housed at Queensgate from October 2, 2007 through November 6, 2007 and at no time was a formal grievance received by the Hamilton County Sheriff's Office. (See Affidavit of Jeffery Eiser, p. 1,2.)

Accordingly, in light of Plaintiff's failure to exhaust his administrative remedies, the County Defendants are entitled to entry of summary judgment, and Plaintiff's claims asserted against the County Defendants should be dismissed.

ii. *Plaintiff Has to Failed to State an Eighth Amendment Claim Under 42 U.S.C. § 1983 Because He Failed To Allege Any Personal Involvement of the County Defendants As Required By 42 U.S.C. § 1983.*

As stated above, claims of a violation of 42 U.S.C. 1983 may not be asserted under the doctrine of *respondeat superior*. The Supreme Court's decision in *Monell v. Department of Social Services*, 436 U.S. 658 (1978), made clear that the liability of local government or supervisors cannot be based on actions of a particular employee. Instead, it is only the unconstitutional policies, practices and procedures of a local government which can form the basis of liability under 42 U.S.C. 1983 claims.

Here, the incident that prompted Plaintiff's complaint was the decision by the medical department to place Plaintiff on the 8th floor at Queensgate. Plaintiff was examined by a nurse employed by CMS, a private contractor of the Hamilton County Sheriff's Office, who cleared Plaintiff to be placed in the general population. Thus, it appears that Plaintiff argues that the nurse committed malpractice by wrongfully approving Plaintiff's assignment to the general population of the Queensgate Facility. However, this negligence by a CMS employee, if proven by Plaintiff Tweed, cannot create liability for Sheriff Leis or Hamilton County.[4]

    ii. *Sherrif Leis is entitled to qualified immunity*

---

[4] Furthermore, by naming Sheriff Leis and the Hamilton County Justice Center, Plaintiff Tweed appears to be attempting to sue Hamilton County. The liability of local governments, under 42 U.S.C. 1983, can only be based upon the policies, procedures and customs of the local government. *Monell v. Department of Social Services*, *supra*. Here, the only policy implicated in Plaintiff Tweed's claims is the policy requiring a medical evaluation of all inmates coming into Sheriff Leis's custody before a housing assignment is made. However, Plaintiff fails to provide any argument that said policy is unconstitutional.

Defendant Leis is a government official, entitled to the protection of qualified immunity. Here, the only action of Sheriff Leis was to establish a policy requiring a medical examination before a housing assignment was made for inmates in his custody. This action does not violate any constitutional right and is objectively reasonable. Accordingly, Defendant Leis is entitled to qualified immunity because Plaintiff has not shown either a constitutional violation nor that what Defendant did was "objectively unreasonable" in light of clearly established law. *See Dickerson v. McClellan*, 101 F.3d 1151, 1157-1158 (6th Cir. 1996); *see also McCloud v. Testa*, 97 F.3d 1536, 1542 (6th Cir. 1996) (finding that the burden of disproving qualified immunity rests with the plaintiff).

  C. *Plaintiff's state law claim should be dismissed*

Pursuant to 28 U.S.C. § 1367(c)(3), the district court has the discretion to dismiss claims over which it has supplemental jurisdiction when it has dismissed all claims over which it has original jurisdiction. *Dobbs-Weinstein v. Vanderbilt Univ.,* 185 F.3d 542, 546 (6th Cir. 1999), *cert. denied,* 529 U.S. 1019 (2000). Moreover, the Sixth Circuit has recognized a general rule disfavoring a district court's exercise of pendent jurisdiction when federal question claims are dismissed before trial. *See Gaff v. Federal Deposit Ins. Corp.,* 814 F.2d 311, 319 (6th Cir. 1987) (citing *United Mine Workers v. Gibbs,* 383 U.S. 715 (1966)); *see also Wolotsky v. Huhn,* 960 F.2d 1331, 1338 (6th Cir. 1992) ("Where a district court exercises jurisdiction over state law claims solely by virtue of pendent jurisdiction and the federal claims are dismissed prior to trial, the state law claims should ordinarily be dismissed without reaching their merits.").

Here, it appears that Plaintiff's complaint asserts a state law claim for medical malpractice. However, because Plaintiff's federal claims are without merit, this Court should not maintain pendant jurisdiction over Plaintiff's state law medical malpractice claim. *Musson Theatrical, Inc. v. Federal Exp. Corp*., 89 F.3d 1244, 1254-55 (6th Cir. 1996); *see also Brandenburg v. Housing Authority of Irvine*, 253 F.3d 891, 900 (6th Cir. 2001)**.**

Accordingly, in light of the recommendation that the Defendants are entitled to summary judgment on Plaintiff's federal claims, it is further recommended that Plaintiff's state law claim should be dismissed without prejudice.

## IV.

Accordingly, based on the foregoing**, IT IS THEREFORE RECOMMENDED THAT** Defendants' motions for summary judgment (Docs. 21, 33) should be **GRANTED**; all other pending motions should be **DENIED** as **MOOT**; and this case should be **CLOSED**.

**DATE: March 2, 2009**　　　　　　　　　　　　　　s/Timothy S. Black
　　　　　　　　　　　　　　　　　　　　　　　Timothy S. Black
　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT M. TWEED, JR.

    Plaintiff,

vs.

HAMILTON COUNTY JUSTICE
CENTER, *et al.*,

    Defendants.

Case No. 1:08-cv-98

Barrett, J.
Black, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).